No. 24-7617

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

─────────────────

Chal McCollough

*Plaintiff-Appellant,*

*v.*

Portland State University C/O Ann Cudd and

Susan Jeffords of Portland State University

*Defendants-Appellees.*

─────────────────

On Appeal from the United States District Court for Oregon

Case Number: 3:23-cv-01582-AR

The Honorable Michael H. Simon, United States District Judge.

─────────────────

**APPELLANT'S OPENING BRIEF**

**APPELLANT'S OPENING BRIEF**

**CONTENT**

Appellant's Opening Brief ................................................................ 2

  Content ....................................................................................... 2

  Authorities ................................................................................. 6

    Cases ...................................................................................... 6

    Constitutional Provisions ..................................................... 7

    Statues .................................................................................. 8

    Rules and Regulations ........................................................ 10

  Introduction ............................................................................. 11

  Jurisdiction ............................................................................... 24

  Issues Presented ....................................................................... 24

  Statutory and Constitutional Authorities ............................... 26

  The Case ................................................................................... 27

    A. McCollough is a qualified student with a disability at PSU under the ADA applying for Federal Work Study, a former Student Ambassador for PSU's engineering school, and a Christian. ......... 27

Case: 24-7617, 12/30/2024, DktEntry: 5.1, Page 3 of 86

B. McCollough became disabled with CPTSD from the unlawful deprivation of his Right to the care, custody, and control of his son David by the State of Oregon using an Unconstitutional Preponderance post-Troxel under ORS 109.119. ............................ 29

C. PSU overcharges McCollough tuition at full price to retake classes he was unable to pass due to his disability and captivity, using up his Financial Aid, forcing his mother Mary to foot the bill, and preventing McCollough from graduating and having full participation under §504 and violating McCollough's First Amendment Right to have his mother control his education when she is paying. ............................................................................... 31

D. McCollough seeks religious exemption from PSU's unlawful The Mark of the Beast mandate that conflicts with McCollough's faith, but on submission of religious accommodation request McCollough was punished for his sincerely held moral and religious object in his email that contained profanities caused by his disability CPTSD. ................................................................. 33

E. Notwithstanding PSU's demand, the State and its agencies exempt or accommodate other people when it comes to The Mark of

Page 3 of 86

the Beast mandate waivers. ............................................................. 35

F. Consistent with the State's treatment of others, McCollough seeks religious accommodation to The Mark of the Beast mandate. ................................................................. 36

G. Defendants-Appellees effectively expelled McCollough based on his Disability and sincerely held moral and Religious objection in his Religious Accommodation Request without giving McCollough a Quasi-judicial proceeding. ........................................ 36

H. Defendants-Appellees never gave McCollough the Conduct Hearing documents or told him what Preponderance was used against him. ................................................................. 38

Argument Summary ............................................................... 38

Review Standard ................................................................. 42

Argument .............................................................................. 43

I. This Court should restore McCollough's claims for religious discrimination and nonaccommodation under Title VII. ............... 43

II. This Court should restore McCollough' Free Speech claims. ........................................................................................ 51

III. This Court should restore McCollough's Due Process claims. ................................................................... 56

IV. This Court should restore McCollough's Disparate Impact Claims under the ADA and §504. .................................. 63

V. This Court should restore McCollough's §1983 Action at Law claims. ..................................................................... 68

VI. This Court should restore McCollough's ORTCA Suit in Equity claims. ................................................................. 72

VII. This Court should order Judge Armistead and Judge Simon to recuse themselves because they are biased and interested and have conflicts of interest............................................. 76

IX. In the alternative, this Court should reverse and remand to allow McCollough to amend. ......................................... 80

Conclusion............................................................... 82

Related Cases ......................................................... 84

Certificate of Compliance ....................................... 85

Certificate of Service .............................................. 86

# AUTHORITIES

**Cases**

Abercrombie, 575 U.S. at 775.......................................................... 46, 48

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).......................................... 42

Ballentine v. Tucker, 28 F.4th 54, 61 (9th Cir. 2022)......................... 54

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) ........................ 42

Blunt v. Lower Merion Schs., No. 11-4200 (3d Cir. 2014) id 53 .......... 69

Bolden-Hardge v. Office of the California State, U.S. Court Of Appeals, Ninth Circuit (2021) .............................................................. 44, 45, 47

Brady v. Maryland, 373 U.S. 83 (1963)............................................... 76

Brainard v. W. Or. Univ., Case No. 3:17-cv-.......................................... 68

Eminence Cap., 316 F.3d................................................................... 80

Foman v. Davis, 371 U.S. 178, 182 (1962)) .......................................... 43

Fulton vs City of Philadelphia, 141 S. Ct. 1868, 1876–77 (2021).. 50, 51, 56

Hamer vs City of Trinidad 924 F.3d 1093 (2019). ............................... 65

Hartmann v. Cal. Dep't of Corr. and Rehab., 707 F.3d 1114, 1122 (9th Cir. 2013) .......................................................................... 38, 42, 47

Klaassen v. The Trustees of Indiana University 549 F. Supp. 3d 836

(N.D. Ind. 2021) ............................................................................ 62

Lane County Circuit Court Case Number 15-09-21300 ................. 18, 20

Liu vs Portland State University :: 2016 :: Oregon Court of Appeals . 22, 26, 70, 78

Lopez v. Smith, 203 F.3d 1122,  130 (9th Cir. 2000) ................ 42, 43, 80

Lukumi Babalu Aye, Inc. v. Hialeah, 508 U.S. 520 (1993) ................... 51

Opuku-Boateng, 95 F.3d at 1467 ........................................................ 44

Payan v. Los Angeles Community College District .............................. 64

Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 99-100 (1984) ........................................................................................ 68, 71

Polich, 942 F.2d at 1472 ................................................................ 42, 80

Troxel v. Granville 530 U.S. 57 (2000).. 15, 17, 18, 19, 20, 29, 32, 37, 51, 54, 56, 58, 62, 68

US Court District of Oregon Case Number 6:18-cv-01272-SI .............. 31

US vs Donald J Trump and Waltine Nauta ......................................... 80

Yakich v. Aulds, 440 Ill. Dec. 837 ....................................................... 20

**Constitutional Provisions**

US Constitution Amendment 1 . 17, 20, 22, 24, 25, 32, 35, 36, 37, 51, 53,

54, 55, 63, 68, 76, 82

US Constitution Amendment 11 ..............................20, 22, 23, 41, 57, 59

US Constitution Amendment 14 23, 24, 25, 37, 39, 57, 58, 59, 60, 62, 63, 73, 76, 82

US Constitution Amendment 5 ....................................24, 25, 60, 61, 82

US Constitution Amendment 9 ...............................50, 55, 56, 57, 58, 82

US Constitution, Article IV §2(1) ........................................................ 60

**Statues**

28 U.S.C. §§1331 ................................................................................. 24

28 U.S.C. §§1343 ................................................................................. 24

28 U.S.C. §1291 ......................................................................... 23, 24, 76

28 U.S.C. §1343 ................................................................................... 69

28 U.S.C. §1367 ....................................................................... 24, 71, 76

28 U.S.C. §455 ............................................................................... 41, 79

28 U.S.C. §455(b)(3) ........................................................................... 78

28 U.S.C. §455(b)(4) ........................................................................... 77

42 U.S.C. §2000(e) ........................................................................ 43, 46

5 U.S.C. Chapter 5 ............................................................................... 17

Civil Rights Act of 1964 §202 ........................................................... 48

Civil Rights Act of 1964 §601 ..................................................... 21, 48

Civil Rights Act of 1964 §703 ........................................................... 48

Fair Employment and Housing Act ........................39, 43, 45, 46, 47, 50

Freedom of Information Act ......................................................... 18, 38

Oregon Constitution Article I Section 20...........24, 26, 66, 72, 74, 75, 82

Oregon Constitution Article I Section 3......................................... 24, 82

Oregon Constitution Article I Section 8.................................... 24, 72, 82

Oregon Tort Claims Act...........................................19, 41, 71, 73, 76, 81

ORS 10.095 .................................................................................... 59

ORS 183.415 ................................................................................... 22

ORS 183.415(2) .......................................................................... 22, 36

ORS 183.417 .............................................................................. 14, 25

ORS 183.450 ................................................................................... 22

ORS 183.470 ................................................................................... 37

ORS 183.482 ................................................................................... 17

ORS 352 .......................................................................................... 82

ORS 352.077(1)(m)........................................................................... 23

ORS 352.087(1)(m).................................................................... 35, 57

ORS 659.785(1)(a) .................................................. 14, 43, 51, 62

ORS 659.860 ................................................................... 45

Rehabilitation Act of 1973 §504 18, 25, 27, 39, 40, 48, 64, 65, 66, 76, 81, 82

**Rules and Regulations**

Clear and Convincing Evidence Standard ..................... 19, 23, 51, 54, 56

Compelling Government Interest Test .................................... 18, 22, 23

Doctrine of Repeated Violations ......................................... 19, 21, 26, 65

Doctrine of State Action ......................................................... 39, 55, 70

Due Process Forum for Redress of Grievances ........................ 21, 38, 76

FDA Emergency Use Authorization ................................... 33, 35, 44, 48

Fictional Qualified Immunity ................................................. 58, 59, 60

FRCP Rule 15 ........................................................................ 43, 80

Preponderance of Evidence Standard .......... 11, 14, 17, 18, 29, 59, 60, 79

Rule 12(b)(6) ............................................................................... 38

Rules of Evidence ................................................................... 23, 35

## INTRODUCTION

The appeal concerns a State agency's decision to effectively expel Plaintiff-Appellant Chal McCollough, hereinafter Cale because that is how you pronounce the Scottish name Chal, for his free speech using an **Preponderance of Evidence Standard**, hereinafter **PoES**, alleging without any evidence or testimony under oath or finding of fact that McCollough disrupted the administration of the Portland State University, hereinafter PSU, Student Health and Counseling Center, hereinafter SHAC, **"deadly experimental COVID mRNA vaccine made with aborted fetal cells"**, hereinafter **The Mark of the Beast**, mandate program by emailing on October 7, 2021 with the following sincerely held moral and Religious objection  and contains political speech and profanities:

> *"'You can go fuck yourself you piece of shit scumbag Democrat mother fuckers. Vaccine mandates are illegal. Suck my fucking dick punk. Fuck Joe Beijing Biden and Hyena Harris.'"*

 On October 11, 2021 Erica Geller, hereinafter Investigator Geller, who described as a "short haired butch-looking feminist with she/they in her title", which is a political statement meaning you're a #woke leftist Xena Social Justice Warrior Princess, gave McCollough a **PSU**

**Code of Student Conduct and Responsibility** , hereinafter PSU Code, violation alleging that McCollough had "disrupted the work of the employees at the SHAC. They emailed McCollough an invitation for a Zoom pseudo-judicial hearing to punish McCollough for his Free Speech.

McCollough responded:

*"'I'm requesting to meet with someone who doesn't have She/They in their title. You're on of those Democrats that are causing nightmares for people. I don't want to talk to you or anyone who is in the #woke mob. You want to stick and needle in my arm, you can kiss my ass.'"*

Investigator Geller then responded:

*"'Unfortunately, that is not an appropriated reason for requesting an alternate hearing officer. Additionally, we require at least 24 hours notice to reschedule or alter the hearing in any way, and , we are within 24 hours of the hearing time. If you are not interested in meeting via zoom for the hearing, you are welcome to submit a written statement in lieu of your attendance. The written statement should address the charges, whether you believe you are responsible/not responsible for the alleged violation in your hearing letter, and you're reasoning. For your convenience, I've attached the hearing letter with the charge information included.'"*

McCollough responded on October 14, 2021:

*"'Your vaccine mandate is 100% illegal. You should know better, but Democrats like Kate Brown, Joe Biden, Hyena Harris, Pelosi, AOC are scum bag pieces of shit who can suck the shit out of my asshole. A US Federal Court this month ruled in favor of the Western Michigan University athletes*

*citing that the school must take into account religious exemptions. Proof here*

*https://www.natlawreview.com/article/university-policy-mandating-covid-19-vaccines-student-athletes-blocked-sixth-circuit*

*You're harassing me with the intent to assault me with a needle with some dangerous experimental vaccine. Shit-bag punk Democrats used to force-sterilize people, most non-white, stupid, retarded, and poor people. They claimed they had the right to sterilize because it was in the interest of public health. This is exactly what the scum-sucking shit-bag Democrats are claiming now. This is a deeply held offense that PSU has mandated vaccines that provokes rage and vitriol.*

*Democrats regularly think it doesn't matter to fuck over people for not complying with their authoritarianism. Democrats have been targeting my class with hatred, hostility, violence, targeted firing, canceling, bullying, harassment. We're not taking it anymore. We're not going to be nice to you, I'll just sue you.*

*You're the one who is trying to assault me by sticking a needle in my arm to inject me with some experimental vaccine. The problem is you haven't specified which vaccine, there are three of them plus the Chinese one. Some vaccines have more health problems than others. The rate of myocarditis hospitalizations from the COVID vaccines is higher than the rate of hospitalizations in my age group. You're trying to force me to take a vaccine that gives people heart problems that has killed over 15K people and permanently disabled over 25K people. You can expect a vitriolic response from students who have a spin. That's a religious's held moral objection. You can expect people to cuss you out and tell them to suck your dick and kick your ass.*

*The COVID vaccine is completely ineffective against the Delta*

*variant. In fact, the vaccines killed off all the varieties of COVID strands that typically act as natural vaccines. If you do get a COVID vaccine, it will not introduce you to the proteins in the inside of the COVID virus. You're supposed to still get natural infected with COVID when you have the antibodies, and not trying a failed zero-COVID policy so you inevitably get infected after your antibodies wane. That's stupid.*

*By forcing students to wear masks, you've deprived us of our right to free association. We have a right to associate with people with <u>COVID</u> so we can get infected and infect others. The Government is incompetent. The people best able to make their own medical decisions. By trying to prevent me from making my medical decisions, then you have assaulted me and you can prepare for a vitriolic response as you have deeply offended me.'"*

McCollough received notice from Investigator Geller on November 15, email is lost due to McCollough losing access to school email account and PSU never mailing McCollough the Due Process document with Finding of Fact by Preponderance.

Oregon Law does not authorize Universities to use **PoES** in pseudo-judicial hearings.

PSU did not give McCollough fair notice of the contested hearing procedure under **ORS 183.417** and McCollough is not legally required to attend a pseudo-judicial proceeding to punish his speech under **ORS 659.785(1)(a)**.

McCollough made this appeal to Defendant Susan Jeffords,

hereinafter Provost Jeffords:

*'PSU unlawfully violated my free speech without use of Clear and Convincing Evidence as required under US Supreme Court ruling Troxel vs Granville.*

On February 11, 2022, Provost Jeffords responded:

*'''This letter is the decision on your appeal of a student conduct matter scheduled to be heard by PSU Conduct Officer Erica Geller on October 15, 2021.1 The conduct charge arose out of conduct that occurred on or about October 7, 2021, when were alleged to have engaged in course of in appropriate email communications with a PSU email address, vaccines@pdx.edu, which disrupted to the work of employees at the University's SHAC. You were charged with a violation of the PSU Code, Code Section V, subsection (1), obstruction or disruption of administration or other University activities. You did not attend the October 15 hearing and Ms. Geller decided the matter in your absence based on the information then available. Ms. Geller found you responsible for the misconduct charged.*

*On October 19, you filed an appeal of Ms. Geller's decision. On your appeal form you indicated that an appeal should be granted because there was an error in the conduct process, because there is relevant information available now that was not available at the time of the hearing, and because the sanction was outside the authority of the University. In arriving at the decision below, I have reviewed the student conduct appeal form and the narrative statement you submitted with the form. I have also reviewed information from the student conduct file.*

*Your appeal is DENIED for the following reasons:*

*• The first basis of your appeal is that that you claim there was an error in the conduct process. You have not identified what that error is nor why any such error was material to the*

*decision and process. Accordingly, this is not a basis that would support granting your appeal.*

*• Regarding the next basis of your appeal concerning new information, you have not offered or identified any new information that was not available to you at the time of the hearing. The only information you provide in your appeal is information about your personal and political beliefs about vaccines and the legal rights and responsibilities as you understand them. This is not new information, and had you chosen to attend the hearing, you could have presented this information about your perspective. Thus, this is also not a basis to support granting the appeal.*

*• And, finally, you allege that the sanction was outside the authority of the University. I do not concur. The University has the authority to issue the sanctions it issued here, which include probation and an educational essay. Code section XIV, para. (4) and (6).*

*Accordingly, I AFFIRM the decision and sanctions imposed by Ms. Geller. The sanctions and conduct fee assigned to you remain in effect and, for your ease of reference, are repeated below:*

*1. Disciplinary Probation—Complete Date of October 1, 2022: Your conduct was inconsistent with the Student Conduct Code and you are on probation through the completion date, during which time additional Student Conduct Code violations could result in more severe sanctions (additional details provided in your October 18 decision letter from Ms. Geller).*

*2. Educational Assignment re Decision Making—Complete Date November 1, 2021: You are to read and respond to a handout about making better decisions and write an essay no less than two pages in length (additional details provided in your October 18 decision letter from Ms. Geller).*

*3. Conduct Fee: The conduct fee of $20 will remain posted to your student account.*

*This decision is final. If you have further questions about this matter, please contact the Office of the Dean of Student Life by phone at 503.725.4422 or by email at conduct@pdx.edu.*

*Sincerely,*

*Susan Jeffords, PhD*

*Provost & Vice President for Academic Affairs*

*cc: Mike Walsh, Dean of Student Life*

*Erica Geller, Investigator'"*

Provost Jeffords issued a $20 fine against McCollough for his protected free speech without Due Process. Provost Jeffords did not inform McCollough of his Right to Appeal under **ORS 183.482**, so McCollough did not file his appeal; McCollough did make a cognizable **First Amendment** Complaint that is entitled to a Due Process Forum under the **5 U.S.C. Chapter 5**, hereinafter **APA,** it's Oregon analog **ORS 183**, hereinafter the **Oregon APA**. Jeffords erred by not addressing McCollough **First Amendment** defense and Substantive Evidence Hurdle under **Troxel v. Granville 530 U.S. 57 (2000)**, hereinafter **Troxel**. Jeffords was required under **PSU Code** to find that Appeal was warranted using a **PoES**, which requires First Amendment Due Process Forum and Substantive Evidentiary Hearing with proof burden on the initiator of the action subject to **Compelling**

**Government Interest Test**.

McCollough submitted a **FOIA** to conduct@pdx.edu on 2021-11-23 reading "I request that a copy of the following all documents related to the 2021 conduction violation" but PSU never responded.

The First Supplemental Appeal concerns unlawful tuition overcharges by PSU against McCollough for failing classes due to his disability from being held prisoner by the State of Oregon using a **PoES** that prevented McCollough from graduating and getting full participation under the **§504 of the Rehabilitation Act of 1973**, hereinafter **§504**, and the **Americans with Disabilities Act**, hereinafter **ADA** but **§504** provides the Equal Participation Clause and the **ADA** expands **§504** to State and local Governments and private businesses.

McCollough suffers from CPTSD because the State of Oregon unconstitutionally used a **PoES** to take McCollough's Right to the care, custody, and control of his son David McCollough in **Lane County Circuit Court Case Number 15-09-21300** under **ORS 109.119** for McCollough Free Speech and Free Association ten years after **Troxel** banned State use of **PoES** to take Fundamental Rights.

McCollough wishes to submit evidence of his disability causing his inability to pass the failed classes and causing him to say the offensive sincerely held moral and Religious objection that contained profane words that in fact did **not** disrupt the unlawful **The Mark of the Beast** mandate program.

Rather than comply with the **CaCES Hurdle** under **Troxel**, bad-faith State actors used legal trickery and out of context Superior Court quotes to make it read the way they wanted it to so they can continue take our Rights with allegations.

McCollough is demanding that PSU refund the unlawfully collection tuition to reimburse McCollough's mother Mary McCollough, hereinafter Mary, as a second plaintiff for tuition and bills she paid with waived statute of limitations under the **Doctrine of Repeated Violations** under the **Oregon Tort Claims Act**, hereinafter **ORTCA**, **ORS 30.265** and **ORS 30.269**.

The Second Supplemental Appeal concerns that McCollough has the Right to have his mother Mary control his education when she is paying under **Troxel**. McCollough owes about $90K in financial aid loans and $50K to Mary for money that was paid for college at PSU.

Mary wanted McCollough to attend school at University of Oregon because it was in town, and McCollough was forced to ride the Amtrak train to commute to PSU up to 5 times per week due to **Lane County Circuit Court Case Number 15-09-21300**.

McCollough demands PSU return all money given to PSU by Mary citing **Supreme Cout of Illinois Yakich vs Aulds** which does not cite **Troxel** but rules under **Equal Protection Clause** that the State can't force parents to pay for their adult children's college education and if they are paying; which is in line with **Troxel**.

McCollough sued Defendants-Appellees for personal injury damages under the **ORTCA**, and an Action at Law under **42 U.S.C. §1983** for **First Amendment** and **Fourteenth** Amendment violation **§1983**, which is of this Court's Jurisdiction.

The lower Court erroneously dismissed the case under **Fictional Eleventh Amendment** Qualified Immunity over **§1983** Actions at Law; and for insufficient **ADA** pleading showing intentional discrimination or failure to accommodate; but the lower Court erred in not addressing McCollough's Disparate Impact claims; and they erred in finding that McCollough doesn't have a Right to have his mother

control his education when she's paying, and erred in not addressing the **Doctrine of Repeated Violations**.

The trial court erred in not addressing McCollough's supplemental **ORTCA** claims and demand for **Due Process Forum for Redress of Grievances**.

McCollough is a qualified student with the disability under the **ADA**. McCollough said the offensive profane words off the cuff because of his disability, he did not intend to disrupt, and because McCollough is a Christian it was his sincerely held moral and Religious objection and political speech that included profanities, and Defendants-Appellees PSU do not have the authority to punish and fine free speech under the **PSU Code**.

It is a question for this Court as to if Defendants-Appellees discriminated against McCollough under **Title VII** and **§601** of the Civil Rights Act 1964 for refusal of Federal Work Study based on PSU's denial of McCollough's Religious Accommodations because of his disability and/or discriminated by denying McCollough his religious **The Mark of the Beast** mandate accommodations and expelling him for profanities caused by his disability.

Defendant Susan Jeffords, hereinafter Provost or Jeffords, denied McCollough his Right to Due Process to take Fundamental Rights because she did not give him fair notice under the **APA Section 5(a)** and **ORS 183.415(2)**; **Liu vs Portland State University :: 2016 :: Oregon Court of Appeals** , hereinafter **Liu vs PSU**. Provost Jeffords did not give McCollough his Right to submit evidence and call witnesses in his favor, object to or cross-examine witnesses and evidence, have an attorney present (which takes weeks to find), and **CaCES**, **Compelling Government Interest Test**, to take his **First Amendment** Rights on campus.

PSU had "The burden of presenting evidence to support a fact or position in a contested case rests on the proponent of the fact or position", not McCollough, under **ORS 183.450(2)** with notice of cognizable facts.

Although the lower Court nowhere doubted the sincerity of Plaintiff's beliefs or that the state and its agencies make accommodations or exceptions to **The Mark of the Beast** mandates in other cases, it dismissed his claims under **Eleventh Amendment** Qualified Immunity, despite McCollough being a voting resident of

Oregon not subject to the **Eleventh Amendment** in this Court. It's perfectly fine to call it Sovereign Immunity, but State Officials cannot waive **Eleventh Amendment** Immunity, it's absolute, because it would violate **Due Process** by giving the State arbitrary powers. **ORS 352.077(1)(m)** gives PSU arbitrary powers the US Constitution and State laws don't authorize by giving all University governing policies the" force of law", allowing PSU to take students Due Process Rights in pseudo-judicial proceedings don't follow the **Rules of Evidence**.

The lower Court's dismissal of each claim was incorrect and should be reversed. State abridging of Free Speech is subject to the **Compelling Government Interest Test**, where the policy must serve a significant government objective and be the least restrictive means of achieving that objective; which when combined with Substantial Evidence Burden is known as **Clear and Convincing Evidence Standard**, hereinafter **CaCES**.

The lower Court granted Defendants' motion to dismiss and entered a final judgment on December 02, 2024. McCollough filed a timely notice of appeal on December 09, 2024. This Court has jurisdiction under **28 U.S.C. §1291**.

# JURISDICTION

McCollough sued the Defendants-Appellees asserting claims under the **First Amendment**, **Fifth Amendment**, and **Fourteenth Amendment** to the **U.S. Constitution** (via **42 U.S.C. §1983**); and the **ADA**, **ORTCA**, **Oregon Constitution Article I Section 3** and **8** and **20**, **ORS 109.119**, **ORS 183**, **ORS 352**, and **PSU Code**.

The lower Court had original jurisdiction over the federal claims under **28 U.S.C. §§1331** and **1343**, and supplemental jurisdiction under **28 U.S.C. §1367**.

The lower Court granted Defendants' motion to dismiss and entered a final judgment on December 02, 2024, Docket Entry Number 33 and subsequent Order Docket Number 34. McCollough filed a timely notice of appeal on December 9, 2024. This Court has jurisdiction under **28 U.S.C. §1291**.


# ISSUES PRESENTED

1. Whether McCollough pled a claim for a **First Amendment** Complaint eligible for a Non-discretionary Forum for Due Process Complaint with **CaCES**.

2. Whether McCollough plead a claim for **Fifth Amendment** claim-based on lack of fair notice under **ORS 183.417** and lack of finding of fact by preponderance when Jeffords took McCollough's First Amendment Rights without Quasi-judicial proceeding.

4. Whether McCollough pled a claim for a **Fourteenth Amendment** claim based lack of Quasi-judicial student conduct hearing.

5. Whether McCollough pled a cognizable Disparate Impact claim under the **ADA** and **§504** for when PSU overcharged McCollough and other qualified disabled students full-price tuition to retake classes they couldn't pass due to their disability at full price, preventing them from graduating and having full participation in the program.

6. Whether McCollough plead a cognizable Disparate Impact claim under the **ADA** and **§504** for PSU expelling McCollough for his sincerely held moral and Religious objection that included profanities caused by his disability.

7. Whether McCollough pled a **First Amendment** Complaint that PSU violated his Right to have his mother control his education when he is an adult and she is paying and his son vice-versa, and if

Mary has standing under the **Doctrine of Repeated Violation**.

8. Whether McCollough pled a claim for an **Oregon Constitution Privileges and Immunities** ORTCA claims for unequal treatment in the State **The Mark of the Beast** mandate program and the above stated tuition overcharges for retaking classes at full price and punishment for profanities caused by his disability.

9. Whether Judge Simon has an undisclosed conflict of interest because his wife is the Democrat Oregon US House Representative for Portland Suzanne Bonamici.

10. Whether Judge Armistead has a Conflict of Interest because he worked for the Oregon Court of Appeals when Liu vs PSU was decided.

11. Whether McCollough should at least be given leave to amend to cure any defects in the foregoing claims.

**STATUTORY AND CONSTITUTIONAL AUTHORITIES**

All relevant statutory and constitutional authorities are set out in the Addendum attached to this brief.

**THE CASE**

**A. McCollough is a qualified student with a disability at PSU under the ADA applying for Federal Work Study, a former Student Ambassador for PSU's engineering school, and a Christian.**

McCollough is a long-time student at the Oregon University System and a qualified Student with the disability CPTSD under the **§504** and the **ADA** in good academic standing at PSU.

McCollough is recognized as the God Father of the Eugene Game Development Community because his 3D Graphics Engine he wrote in a cooperative education class at Lane Community College, hereinafter LCC, in 2005 convinced LCC to install a game development program that brought in many $millions in tax revenue for the State of Oregon and radically changed downtown Eugene from game companies like Garage Games.

McCollough was a Student Ambassador employee for the PSU Maseeh College of Engineering and Computer Science, hereinafter MCECS, from 2012 through 2013 where he had keycard access to the Dean's Office and was allowed to sit in the Dean's chair. He designed

the school's student ambassador website and PSU website header that was in use for many years. There were pictures of McCollough all over the PSU engineering's building and McCollough had inside access to labs and a graduate student who taught him quantum physics that McCollough used with oscillation physics he learned at PSU for his Theory of Gradient Relativity that is said to revolutionize our understanding of light and gravity work

McCollough is inventor of the Oregon Cooler, which may be the world's most efficient home heating and cooling and water heating solution and large-scale $CO_2$ sequestration technology using biomimicry of a beach and cave and cutting-edge thermocline processes and photomolecular effect.

While attending PSU, McCollough received an Innovation Award Grant that he used along with his discrete math knowledge to author of the world's fastest integer to string algorithm, the Puff Algorithm, saving countless $billions in power forever into the future, speeding up the internet and our computers and elongating electronics battery life, creating a windfall for the US and Oregon State taxpayers.

McCollough is seeking Federal Work Study employment at PSU

but is unable to register for classes.

**B. McCollough became disabled with CPTSD from the unlawful deprivation of his Right to the care, custody, and control of his son David by the State of Oregon using an Unconstitutional Preponderance post-Troxel under ORS 109.119.**

The State of Oregon after **Troxel** amended **ORS 109.119** to allow psychological parents who lived with a child six months day-to-day to file for third-party child custody using a **PoES**. Day-to-day means every day unbroken and it's not a common word today and people don't know what it means. David McCollough's maternal grandmother lied to the Court when she filed for custody, after her daughter was neglecting David, that maternal grandmother had David six months day-to-day when Court records show that McCollough had custody at that time, but he did not know what day-to-day or a **PoES** meant so he couldn't defend himself. McCollough was in engineering school and couldn't afford an attorney due to the exploding cost of tuition and McCollough's learning disability from being a high school dropout. McCollough self-represented and wrote embarrassingly garbage Court

papers and couldn't argue law adequately.

The State awarded custody to maternal grandmother because her attorney asked McCollough what he would do if he had friends over while David was sleeping, and he responded that he could use a baby monitor to see David napping from the studio and hear him, which never happened. The Court found by preponderance that McCollough was not acting in his son's best interest because he used a baby monitor in a hypothetical situation, and that he yelled at maternal grandmother in front of David and threatened to stop talking to her if she would not stop alienating him from his son.

McCollough was then exposed to years of third-party child custody battle and a parental alienating child neglecting maternal grandmother. The Court order forced McCollough to commute to PSU from Eugene via Amtrak up to 6 times per week, preventing McCollough from having full participation in the program, attending labs, getting tutoring, and stranding him PSU overnight often, alienated him from his friend groups in Eugene and Portland causing great injury.

Maternal Grandmother was neglecting and abusing David but

McCollough couldn't prove substantial change in circumstances to get custody; they use a preponderance to take your rights and use substantial evidence to get them back, only McCollough didn't know what substantial evidence meant, he though it meant a big change.

McCollough petitioned for Writ of Habeas corpus in the **US Court District of Oregon Case Number 6:18-cv-01272-SI**. McCollough was dismissed over Common Law Qualified Immunity over family matters.

Oregon Child Protective Services finally got into maternal grandmother's home to discover she was neglecting the children, the inside was a garbage dump with mice and insects and it was deemed uninhabitable, then McCollough was awarded full custody in 2018.

**C. PSU overcharges McCollough tuition at full price to retake classes he was unable to pass due to his disability and captivity, using up his Financial Aid, forcing his mother Mary to foot the bill, and preventing McCollough from graduating and having full participation under §504 and violating McCollough's First Amendment Right to have his mother**

**control his education when she is paying.**

McCollough became disabled with CPTSD and was unable to do everyday activities from loss of sense of time and libido. McCollough became unable to pass even basic classes in subjects he was good at, and he had to pay full price to retake a long list of classes totaling over $15K in tuition and mandatory enrolment fees.

When McCollough ran out of financial aid his mother Mary was coerced to foot the bill under the hope that he would graduate and get a high paying job to repay her, which never happened. Mary had the **First Amendment** Right to control her son's education as an adult when she is paying under **Troxel**. Likewise, he has the Right to have his mother control his education when she is paying, and PSU took this Right from McCollough and he has standing in to protect Mary's Rights.

PSU did not have to continue to charge McCollough and other disabled students' full-price tuition to retake classes because they already paid for their degree and it doesn't cost the school a noticeable amount of money to pack a limited number of qualified disabled students through the required classes, and this is the University's

stated Mission. Testing and grading costs are mostly paid for by Federal Work Study.

PSU had to be aware that that overcharging qualified disabled students to the point where it denies them full participation in the program violated the **ADA**, it's self-evident. The question is, is it Deliberate Indifference or Desperate Impact? That is what discovery is for.

**D. McCollough seeks religious exemption from PSU's unlawful The Mark of the Beast mandate that conflicts with McCollough's faith, but on submission of religious accommodation request McCollough was punished for his sincerely held moral and religious object in his email that contained profanities caused by his disability CPTSD.**

Defendants-Appellees were enforcing the unlawful **The Mark of the Beast** mandate for the Biden-Harris administration and forcing students to wear masks that did not protect them from COVID, causing serious injury to adults, children, and society. **The Mark of the Beast** was on **FDA Emergency Use Authorization**, hereinafter

**EUA**, and used cells from aborted fetuses that is offensive to McCollough's morals and Religion.

Quickly news reports started circulating that **The Mark of the Beast** was causing deaths from blood cloths and myocarditis and was not effective and stopping the spread or reducing deaths in young healthy people and they had a higher chance of death or serious injury from **The Mark of the Beast** than from COVID. This science was disregarded by Democrats are "far-right conspiracy theories by anti-vaxxx QAnon MAGAts". McCollough blew the whistle to PSU that **The Mark of the Beast** not safe and effective and was killing people, but PSU disregarded McCollough's statements as a political rant and retaliated against his Free Speech and expelled McCollough and a $20 fine, causing great injury.

PSU claims that "Fuck all you Democrat mother fuckers" and "suck my fucking dick punk" are not free speech in this context, but "Fuck Joe Biden and Hyena Harris" allegedly are in this context. The State gets to pick statements out of context and claim they are not free speech in that "out of context " context when the real context is a political statement that contained profanities in a religious

accommodations request, and thus **ORS 352.087(1)(m)** give State Officials have the "force of law" to override the **First Amendment** has given arbitrary under the **PSU Code** to take our Free Exercise Rights using pseudo-judicial proceedings that don't observe the **Rules of Evidence**.

**E. Notwithstanding PSU's demand, the State and its agencies exempt or accommodate other people when it comes to The Mark of the Beast mandate waivers.**

Most Oregon State employees were forced unlawfully to take **The Mark of the Beast** under duress and threat of being fired and socially excluded. However, the vaccine is not always required or insisted on without accommodation. **The Mark of the Beast** had its **EUA** stripped and it was pulled off the market by the FDA because it was not safe and effective and it was killing and seriously injuring people.

As McCollough proffered to the lower Court, where an amended complaint necessaires could add that PSU allows religious objectors on a "case-by-case basis" to waive the vaccine mandate.

**F. Consistent with the State's treatment of others, McCollough seeks religious accommodation to The Mark of the Beast mandate.**

PSU processed other students' **The Mark of the Beast** mandate Religious Accommodations Requests with an unknown rejection rate, but PSU denied McCollough's **The Mark of the Beast** mandate Religious Accommodations and failed to state a reason. McCollough was explicit in his emails with Investigator Geller that they denied his religious accommodation with clearly sincerely held moral and Religious objection.

**G. Defendants-Appellees effectively expelled McCollough based on his Disability and sincerely held moral and Religious objection in his Religious Accommodation Request without giving McCollough a Quasi-judicial proceeding.**

PSU did not give McCollough a quasi-judicial proceeding to address his **First Amendment** complaints. PSU did not give McCollough Fair Notice under **ORS 183.415(2)** which did not include "the toll-free telephone numbers for the Oregon State Bar" or give

notice enough for McCollough to have an attorney present. Investigator Geller did not interview any witnesses or judge any evidence or inform McCollough what preponderance was found against him. Geller was not the **Senior Conduct Officer**, hereinafter **SCO**, under PSU Code IX(5) and did not have authority to sanction McCollough.

On October 19, 2021 Investigator Geller emailed McCollough informing him that she had denied his Petition, and blocked McCollough's ability to register for classes, but Geller never asked McCollough if he pleaded guilty or not guilty.

McCollough is not legally required to attend a pseudo-judicial **First Amendment** Sanctions Hearing. Neither PSU or Investigator Geller mailed McCollough notice of the judgement and order against him in the contested case as required under **ORS 183.470**. McCollough is unaware of what preponderance was found against him to this day.

McCollough made the appeal to Provost Jeffords:

*'"Portland State University unlawfully violated my free speech without use of Clear and Convincing Evidence as required under US Supreme Court ruling **Troxel vs Granville**."'*

This appeal triggered **Fourteenth Amendment** Due Process Protections under **§1983** for **Due Process Forum for Redress of**

**Grievances**.

**H. Defendants-Appellees never gave McCollough the Conduct Hearing documents or told him what Preponderance was used against him.**

McCollough submitted a **FOIA** Request to conduct@pdx.edu on 2021-11-23 for the Conduct Hearing documents but PSU never responded or mailed the requested documents and proof by preponderance.

## ARGUMENT SUMMARY

This Court reviews the dismissal of a complaint under **Rule 12(b)(6)** de novo and affirms such dismissal only when "the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable theory." **Hartmann v. Cal. Dep't of Corr. and Rehab., 707 F.3d 1114, 1122 (9th Cir. 2013)**, hereinafter **Hartmann**.

Because McCollough alleged both that his faith prevents him from taking the State **The Mark of the Beast** mandate, at least without some form of accommodation, and that Defendants revoked his

enrollment and Federal Work Study employment **Equal Treatment Rights**, rather than exploring any potential accommodations as other state agencies do, McCollough pleaded more than enough facts to support his claims under **Title VII**, **Fair Employment and Housing Act** hereinafter **FEHA**, and the FEDERAL and State Constitutions.

First and Second, this Court should revive McCollough's Religious Discrimination and Free Speech claims under **Title VII** and **FEHA**, **§504,** and the **ADA** for disparate treatment based on the need for religious accommodation and disability accommodation. To the lower Court McCollough's beliefs about **The Mark of the Beast** were immaterial since the brainwashed authoritarian vaccine drones at the Federal Court and corrupt Democrat Judges think vaccines are good without ever once questioning big pharma and legality because they care more about their next raise at work.

Contrary to the lower Court's ruling, McCollough has a conflict between his moral and Religious objection to **The Mark of the Beast** and **PSU Code**. Under the **Doctrine of State Action** the State retaliated against McCollough, so McCollough does not need to show proof of intentional discrimination by Jeffords, who is the correct State

Official to sue under this Court's Jurisdiction.

Three, this Court should revive McCollough's Due Process claims. Investigator Geller is not the **SCO** under the **PSU Code** and never had authority issue sanctions or found any preponderance of evidence against McCollough. Jeffords violated McCollough's Due Process Rights by not addressing McCollough's Religious Accommodation Request and failing to call a Quasi-judicial conduct hearing.

Four, this Court should revive McCollough's **§504** and **ADA** claims. McCollough has well-documented proof of disability at the Lane County Courthouse and at the PSU SHAC. Once PSU discovered that McCollough said the profane words because of his disability, they were required to call a Quasi-judicial proceeding. McCollough's school records are indisputable proof of the overcharges that match the Court records. The lower Court erred by dismissing the ADA complaints without addressing Disparate Impact or ordering Discovery to prove Deliberate Indifference. PSU did become aware they are not **ADA** compliant in McCollough pleadings. It's self-evidence that PSU had to have known that charging students full price to retake classes discriminates against students with disabilities and is not required due

to lack of undue hardship.

Five and Six, this Court should revive McCollough's Action at Law under **§1983** and Suit in Equity under the **ORTCA**. The lower Court outrageously claims that Defendants-Appellees have **Eleventh Amendment** Qualified Immunity over **§1983** and thus this Court can dismiss McCollough's **ORTCA** claims without addressing them. The **Eleventh Amendment** says what it says and not what it doesn't, and it cannot be waived by State officials under any circumstances; Eleventh Amendment Qualified Immunity is a fiction. McCollough is a resident of Oregon and thus the Eleventh Amendment does not apply to him. McCollough is not asking for any monetary damages under **§1983**, and McCollough filed his **ORTCA** claims in a timely manner.

Seven, this Court should order Judge Armistead and Judge Simon to recuse under **28 U.S.C. §455** due to conflicts that make them biased and interested.

Finally, were this Court to conclude that the complaint is defective in alleging any of its claims, it should at least reverse and remand to permit McCollough the chance to cure any defect on amendment.

**REVIEW STANDARD**

This Court reviews de novo a district court's dismissal for failure to state a claim under FRCP 12(b)(6). Starr v.Baca, 652 F.3d 1202, 1205 (9th Cir. 2011). And in conducting such review, a dismissal is affirmed "only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." **Hartmann, 707 F.3d at 1122**. That is, this Court ascertains whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" **Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)** (quoting **Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)**).

Additionally, this Court reviews for abuse of discretion a district court's decision to deny leave to amend. **Lopez v. Smith, 203 F.3d 1122,  130 (9th Cir. 2000)**, hereinafter **Lopez**. Notably, however, "[d]ismissal without leave to mend is improper unless it is clear, upon de novo review, that the complaint couldn't be saved by any amendment." **Polich v. Burlington  ., Inc., 942 F.2d 1467, 1472 (9th Cir. 1991)** , hereinafter **Polich**. After all, Rule 15(a) "provides that a trial court shall grant leave to amend 'when justice so requires,' [and

Page 42 of 86

t]he Supreme Court has stated that 'this mandate is to be heeded.'" **Lopez, 203 F.3d at 1130** (quoting Fed. R. Civ. P. 15(a) and **Foman v. Davis, 371 U.S. 178, 182 (1962))**.

## ARGUMENT

**I. This Court should restore McCollough's claims for religious discrimination and nonaccommodation under Title VII.**

*A. Title VII, HEFA, and ORS 659.850(2) outlaws as a form of discrimination by university refusal of a vaccine mandate waiver petition based on the need for religious accommodation absent proof of undue hardship.*

**ORS 659.785(1)(a)** outlaws PSU (the employer) from forcing students to attend meetings if the primary purpose of the meeting or communication is to communicate the opinion of the employer about religious or political matters;"

**Title VII** and **FEHA** forbid an employer from denying a job to an applicant because of her religion. **42 U.S.C. §2000(e)(2)(a)(1)**; **ORS 659.850(2)**.

First, plaintiff must establish a prima facie case of religious

discrimination/non-accommodation. At the pleadings stage, she can do this by alleging that (1) he holds a bona fide religious belief, the practice of which conflicted with **The Mark of the Beast** mandate; (2) PSU took adverse action—including the expulsion and refusal to hire for Federal Work Study—because of the plaintiff's inability to fulfill **The Mark of the Beast** mandate job requirement; and (3) the plaintiff's need for religious accommodation was a motivating factor in the employer's decision.

Once employee makes out a prima facie case (and almost always after the pleadings stage), the burden shifts to the employer to prove that it "negotiated with the employee in an effort reasonably to accommodate" her beliefs. ***Opuku-Boateng*, 95 F.3d at 1467**; **Bolden-Hardge v. Office of the California State, U.S. Court Of Appeals, Ninth Circuit (2021)**.

Defendant PSU must show substantial proof of undue hardship requiring a potentially and in-fact **The Mark of the Beast** mandate under **EUA** that was pushed by the Democrat administration on political lines and opposed by Republicans.

***B. Religious objections to vaccine mandates in particular trigger protection under Title VII, FEHA, ORS 659.860, and related laws***

The struggle for Christians to abide by their sincerely held religious belief that abortion is murder and **The Mark of the Beast** is immoral while remaining a student at PSU is well known. Christian opposition to **The Mark of the Beast** mandate was known to PSU.

McCollough is a former employee of PSU and McCollough did apply for Federal Work Study and searched for on-campus jobs; thus McCollough's **The Mark of the Beast** mandate waiver petition triggered protection under **Title VII** , **FEHA**, and related laws; **Bolden-Hardge**.

**ORS 659.860** triggers protections under **§1983** for religious discrimination and allows that "Damages shall be $200 or actual damages, whichever is greater"

***C. Title VII and FEHA outlaw as a form of discrimination an employer's refusal of a job based on the need for religious***

*accommodation, absent proof of undue hardship*

**Title VII** and **FEHA** forbid an employer from denying a job to an applicant because of their religion. **42 U.S.C. §2000(e)(2)(a)(1)**.

Importantly, however, **Title VII** defines "religion" to include not just religious status but "all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate [the] religious observance or practice without undue hardship." **42 U.S.C. §2000(e)(j)**.

**FEHA** similarly forbids employers from refusing hire based on religious status or "because of a conflict between the person's religious belief or observance and any employment requirement, unless the employer . . . demonstrates that it has explored any available reasonable alternative means of accommodating the religious belief or observance . . . but is unable to reasonably accommodate the religious belief or observance without undue hardship." In short, **Title VII** and **FEHA** "require otherwise-neutral policies to give way to the need for an accommodation." **Abercrombie, 575 U.S. at 775**.

PSU must produce substantial proof that natural immunity is an undue hardship.

***D. McCollough pled a claim that, in preventing him from being hired for Federal Work Study due to a conflict between his religious beliefs and the vaccine mandate, Defendants violated Title VII and FEHA.***

***1. McCollough pled a prima facie case.***

In light of **Bolden-Hardge**, McCollough has more than sufficiently alleged a prima facie case under **Title VII** and **FEHA** for religious discrimination based on her need for religious accommodation. What's more, Defendants cannot win on the pleadings based on undue hardship. In other words, McCollough has pled a "cognizable legal theory or sufficient facts to support a cognizable legal theory" to defeat the motion to dismiss. ***Hartmann*** at 1122.

Defendants nowhere disputed in their motion or papers that they took adverse action against McCollough because of his Sincerely Held Moral and Religious Objection in his Religious Accommodations Request, and that McCollough's expulsion was due to his refusal to take **The Mark of the Beast** on account of his religious beliefs and that it was not safe and effective and his sincerely held moral and

Religious objection.

Accordingly, the second and third elements of a prima facie case described above are indisputably met: adverse action motivated by the refusal to accommodate a religious belief. ***Abercrombie*, 575 U.S. at 775;** *Heller v. EBB Auto Co.***, 8 F.3d 1433, 22 1438 (9th Cir. 1993)**. And although Defendants also failed to contest in their motion to dismiss the first prima facie element concerning a conflict between a sincerely held moral and Religious belief and **The Mark of the Beast** mandate, McCollough pled that element as well.

McCollough was relying on Federal Work Study and an on-campus job to have full participation at PSU. PSU effectively expelling McCollough caused him to be discriminated against for Federal Work Study under **§504, Civil Rights Act 1964 Title VII, §201**, **§202**, **§601,** and **§703** for his religion, Christianity.

*2. Defendants cannot prevail on the pleadings based on the affirmative defense of undue hardship.*

**The Mark of the Beast** was under **EUA** and no facts existed as to its safely and efficacy. PSU's **The Mark of the Beast** mandate was

a forced human trial to make $billions in profits for the Democrat mega-donors. PSU, Big Pharma, and the Democrats said "trust the science bro". McCollough trusts the science, but he is a scientist, and for that reason does not trust scientists or politicians.

Almost all PSU students and staff are not in the high risk of death group. Democrats being brainwashed vaccine drone Big Pharma shill sheep does not make it an undue hardship for McCollough, who had already had natural immunity.

PSU claims that McCollough disrupted the SHAC where McCollough receives treatment for CPTSD while at PSU, but not everyone is offended by profanity. PSU must produce proof that it was an undue burden for the SHAC to find someone who is not offended by profanities and criticisms of Democrats to process McCollough Religious accommodation.

***E. The lower Court erred in determining on the pleadings that there was insufficient pleading for a Religious Accommodation complaint.***

In dismissing McCollough's discrimination claims under **Title**

**VII** and **FEHA** based on not addressing McCollough's Religious Accommodations Request, the lower Court nowhere questioned that McCollough alleged the elements of a prima facie case concerning the sincerity of his religious beliefs or that he suffered an adverse action on account of those beliefs. Nor did the court determine that the Defendants should prevail on hardship grounds. All rightly so, for the reasons above.

Rather, the Court concluded that McCollough did not "show intentional discrimination or a failure to accommodate his alleged disability". Therefor this Court must reverse and remand to address McCollough's disparate impact claims and order discovery for the deliberate indifference claims.

The lower Court erred under **Fulton vs City of Philadelphia, 141 S. Ct. 1868, 1876–77 (2021)**, hereinafter **Fulton**, by not by not applying the strict scrutiny test under the **Ninth Amendment** for the equal treatment of religious and non-religious accommodations in State vaccine mandate programs. The lower Court erred in not finding that a "government policy can survive strict scrutiny only if it advances "interests of the highest order" and is narrowly tailored to achieve

those interests. **Lukumi Babalu Aye, Inc. v. Hialeah, 508 U.S. 520 (1993)**, 508 U.S., at 546"; **Fulton**.

**II. This Court should restore McCollough' Free Speech claims.**

*A. The First Amendment protects from State punishment of speech, with even stronger protections for political speech, and is protected by Substantial Evidence Burden.*

We have Free Speech because the king would punish people for criticizing the crown. The **First Amendment** has **Federal Supremacy** and cannot be abrogated by the **PSU Code**. The First Amendment is a Certain Fundamental Right that is protected from abridging by **CaCES** Burden under **Troxel**.

**ORS 659.785(1)(a)** outlaws (1) employers like PSU discharging, disciplining, or otherwise penalizing or threatening to discharge or take any adverse employment action against employees for (a) Because the employee declines to attend or participate in an employer-sponsored meeting or communication with the employer or the agent, representative or designee of the employer if the primary purpose of the meeting or communication is to communicate the opinion of the

employer about religious or political matters;

**B. First Amendment Complaints against Arms of the State trigger protections in Federal Court under §1983 Actions at Law**

As argued in Argument I(B), First Amendment complaints against the State or Arms of the State trigger Due Process protections under **§1983**.

**C. McCollough pled a Free Speech claim because Defendants-Appellees punished him for his speech, fined him $20 that he still owes, and effectively expelled him, which is subject to strict scrutiny.**

Jeffords fined McCollough $20 and sanctioned him for one term suspension and to write a forced Admission of Guilt when McCollough asserts, he is innocent and it was Free Speech.

PSU suspended McCollough until 2099, when McCollough will be dead, which is effective expulsion because McCollough did not write the stupid 2-page paper because he chose his Right to Sue instead. PSU caused a disparate impact to McCollough for using profanities

caused by his disability in the context of a Religious Accommodation Request at a health clinic where McCollough receives treatment for CPTSD.

**D. Judge Armistead erred when he outrageously and corruptly ruled that McCollough's Protected Free Speech was not Free Speech in this Context.**

In order for speech to be not Free Speech it must be found not be in a Court of Law, which the lower Court did without a Due Process Evidentiary Hearing, not using a pseudo-judicial hearing with arbitrary power of State law. Free Speech does not turn into not free speech just because it's emailed to a State employee who is easily offended.

To establish a **First Amendment** retaliation claim, McCollough must demonstrate that (1) he "engaged in constitutionally protected activity"; (2) Jeffords took "adverse action" against him that "would chill a person of ordinary firmness from continuing to engage in the protected activity"; and (3) there was "a substantial causal relationship between the constitutionally protected activity and the adverse action."

Page 53 of 86

**Ballentine v. Tucker, 28 F.4th 54, 61 (9th Cir. 2022)**

(1) McCollough was engaging in Free Speech by expressing his sincerely held moral and Religious objection;

(2) Jeffords took "adverse action" against him that "would chill a person of ordinary firmness from continuing to engage in the protected activity". Jeffords sanctioned McCollough with a $20 fine and suspended him from school without a Quasi-judicial proceeding over his Protected Free Speech, costing McCollough and Oregon $millions. Jeffords knew that Investigator Geller was not the **SCO** and did not have the authority to impose sanctions under the **PSU Code**. Jeffords did not one time address McCollough's First Amendment Complaint or **CaCES** Burden under **Troxel**.

(3) There was a direct one to one causal relationship to McCollough exercising his Free Speech and Provost Jeffords adverse State action. Just because **PSU Code** says Jeffords may call an in-person hearing doesn't mean that Constitutional. Jeffords was required to give McCollough a Quasi-judicial hearing because it was a **First Amendment** complaint, made stronger by McCollough's sincerely held moral and Religious objection and Free Press. PSU

SHALL give students Quasi-judicial proceedings when they are punishing students for exercising their Certain Fundamental Rights.

***G. The lower Court outrageously erroneously dismissed because he said that McCollough's speech was not free speech in this context without Due Process and that the State had not retaliated against McCollough's Speech.***

Judge Armistead erred in his legal conclusion that McCollough's "alleged right to use profanity and vulgar language in an email to university personnel is not clearly established" under the **Ninth Amendment**. Just because the **First Amendment** doesn't specifically say you have the "right to use profanity and vulgar language in an email to university personnel" doesn't make it not free speech.

Provost Jeffords did not retaliate against McCollough's speech because under the **Doctrine of State Action**, the State retaliated against McCollough's speech, Jeffords is only here to answer for the State's torts because the buck stopped with and we need not have a circus in this Court at the taxpayers' expense. Investigator Geller was not the **SCO** under the **PSU Code** and only Jeffords had the ability to

impose sanctions.

The lower Court erred under **Khan vs Yale** because State Actors are not entitled to qualified immunity if they do not give Students their Due Process Right to Judicial or Quasi-judicial Proceeding to take their Certain Fundamental Rights with **CaCES** under **Troxel**. No one in America is required to respond to or attend a pseudo-judicial proceeding to take their Rights. Investigator Geller should have ordered a Quasi-judicial proceeding before the PSU Student Conduct Committee to address the Religious accommodations with his attorney present.

The lower Court erred under **Fulton** by not by not applying the strict scrutiny test under the **Ninth Amendment** for the "right to use profanity and vulgar language in an email to university personnel".

**III. This Court should restore McCollough's Due Process claims.**

*A. The Fourteenth Amendment outlaws arbitrary government powers, and Common Law Qualified Immunity misrepresented as Eleventh Amendment Qualified Immunity and ORS*

*352.087(1)(m) gives the State arbitrary powers that Federal and State Laws don't authorize.*

The **Fourteenth Amendment** outlaws arbitrary government powers under Due Process and it applies to the States. PSU never told McCollough where they get their force of law for **PSU Code** from but it's from **ORS 352.087(1)(m)**, which gives PSU governing policies "force of law" and arbitrary government powers.

The **Eleventh Amendment** says what it does and it doesn't say what it doesn't; it's a cross-cutting limitation that bars all out of State Citizens from suing States they are not resident of in Federal Court, and it applies where it says it does and not in cases where it doesn't. State Officials cannot waive **Eleventh Amendment** Immunity is absolute, cannot be waived by State officials, and must be repealed to waive it, and thus it is a fiction.

The **Ninth Amendment** authors were concerned that future generations might argue that, because a certain right was not listed in the Bill of Rights, it did not exist. The Fourteenth Amendment might not explicitly state Right to Substantial Evidence, but it was passed to stop Rights abuses of Americans who were not getting CaCES and the

white supremacist Democrat courts were using unsubstantial accusations not based in Fact or Law, causing one of the greatest stains in US history.

### B. Due Process violations trigger protections under §1983.

The **Fourteenth Amendment** triggers mandatory protections from arbitrary State power under **§1983**, and lack of Substantial Evidence in Due Process proceedings to take Fundamental Rights triggers **§1983**; **Troxel**.

Most people have no clue what Qualified Immunity or Clearly Established Right means, and thus they couldn't possibly defend themselves from resulting abuse, triggering protections under **§1983**.

One would think that clearly established means Certain Right, as in the **Ninth Amendment**. **"Common Law Qualified Immunity misrepresented as Eleventh Amendment Qualified Immunity "**, hereinafter **Fictional Qualified Immunity**, has overturned the **Ninth Amendment** by making it so that in order to have a Clearly Established Right, in this instance to "right to use profanity and vulgar language in an email to university personnel", you have to get into

Federal Court and get past Fictional Qualified Immunity, cutting off access to the Federal Courts to the people who fund it and denying States their Due Process Right to Appeal and abrogating the **Eleventh Amendment** Immunity to avoid having to face Judgement for their torts, giving the State arbitrary powers, triggering **§1983**.

**Fictional Qualified Immunity** is Unconstitutional because it is being represented as a Law when it's Common Law Fiction, violating Due Process, triggering protections under **§1983**.

**ORS 10.095** allows a Jury to use a Preponderance in civil trials, but **ORS 183** does not authorize **PoES** in pseudo-judicial proceedings, triggering **§1983**.

Due Process of Law was designed to protect Rights from being only a parchment guarantee leading to arbitrary government power. Before the **Fourteenth**, it was Common Law that the Constitution only applied to the Federal Government and not the States; the **Fourteenth** was passed specifically to stop that by forcing States to respect the Rights of ALL Americans, let people keep the money they earned, allow them to peruse the occupation of their own choosing, and not be stuck on the Democrat plantation.

Right to Due Process is Substantive, meaning based in Fact and Law, it does not lack substance and protects it **Procedural Due Process**, **Equal Protection**, and **Privileges and Immunities Clause**.

Blackstone's definition of Equal Protection means the State protects everyone's Rights in their jurisdiction, which is an extension of the Magna Carta that fixes deficiencies. **Fictional Qualified Immunity** has prevented the Citizens who fund this Court from getting Protection from State deprivation of Rights, threatening the very fabric of our democracy.

The key reason for the Declaration of Independence is because the King of England had declared the Colonies were outside of the crown's protection. Likewise, **Fictional Qualified Immunity** and **PoES** is an existential threat to Democracy, and odor of mendacity that profusely lingers, staining the honor of this Court, and brewing distrust with citizens. It puts US Citizens outside of the protection of the US Court System, it must be overturned immediately for lack of Due Process.

In **Marbury v. Madison, 5 U.S. (1 Cranch) 137 (1803)**, the

SCOTUS established the principle of judicial review, meaning that American courts have the power to strike down laws and statutes they find to violate the Constitution.

After the white supremacist **Slaughterhouse Cases, 83 U.S. 36 (1872)** Court took our Right to **Privileges and Immunities**, Jim Crow became the law of the land and Human Rights became rampant.

PSU banning profanities without publishing a list of banned words, prevents students from being able to comply with the ban, punishing students for their free speech, and stealing their money. PSU's arbitrary powers to ban words without notice triggers protections under **§1983**.

Just because State officials are offended by words and ban them doesn't make that a legitimate Government interest, triggering **§1983**.

*C. McCollough plead a valid Fifth and Fourteenth Amendment Complaint based upon lack of Preponderance or Substantial Evidence and §1983 violations.*

McCollough has pled a **Fifth Amendment** complaint by asserting that PSU never found facts by preponderance against him

and that Investigator Geller was not the **SCO** and did not have authority to sanction under the **PSU Code**. McCollough also asserts that he was not legally required to attend a pseudo-judicial proceeding to violate his First Amendment Rights under **ORS 659.785(1)(a)**.

McCollough plead a **Fourteenth Amendment** Complain by asserting his Substantial Evidence claims under **Troxel** and the above **§1983** violations that trigger Due Process protections.

***D. The lower Court erred in finding that there was no Due Process violations because it was not free speech in that context without substantial evidence of McCollough's disability causing him to say offensive words and lack of Due Process for vaccine mandate authority.***

Under **Klaassen v. The Trustees of Indiana University 549 F. Supp. 3d 836 (N.D. Ind. 2021)**, University vaccine mandate programs don't violate Student's Due Process Rights, but University must allow for religious exemptions; **however** this case was refused by the SCOTUS because 7 of the 8 students had religious **The Mark of the Beast** mandate waivers and the 8th student said they were not

going to attend college next term so the argument was moot.

Vaccine mandates where only religious people are exempt does not treat people equally, which is prohibited under the **Free Exercise Clause**. The State must show substantial evidence that natural immunity is insufficient to comply with Due Process.

The lower Court erred in finding State officials being offended is adequate justification for abridging speech, or that they had the power to do so, and now the Fundamental Rights of everyone are being restricted without adequate justification.

This Court must restore everyone's Due Process Rights by restoring McCollough Due Process claims.

**IV. This Court should restore McCollough's Disparate Impact Claims under the ADA and §504.**

*A. The ADA and §504 outlaws Disparate Impact as a form of discrimination.*

**§504** protects the qualified disabled students in Federally funded programs under the **Equal Protection Clause**. In **Alexander v. Choate,** *469 U.S. 287 (1985)*, hereinafter **Alexander**, the SCOTUS

reasoned that disparate impact claims were essential to realizing the stated goals of federal disability statutes. The Court emphasized the need to broadly prohibit unintentional disparate-impact discrimination, rather than limiting protections to intentional discrimination.

In **Payan v. Los Angeles Community College District**, the plaintiffs alleged that a public community college's policies had a disparate impact on individuals with disabilities. The Ninth Circuit affirmed a private right of action for disparate-impact claims, citing to **Alexander** and other Ninth Circuit precedent that demonstrate the "historical understanding that **§504** and the **ADA** were specifically intended to address both intentional discrimination and discrimination caused by 'thoughtless indifference.'"

Disparate impact claims allege an employer's neutral policy or practice has a disproportionate adverse effect on individuals with disabilities, despite no intent to discriminate. Because PSU functionally expelled McCollough and prevented him from getting Federal Work Study, PSU disparately impacted McCollough, preventing him from Graduating and having Full Participation.

Federal disability discrimination law, including the **ADA** and **§504**, prohibits such discriminatory effects.

## B. Disparate Impact under the ADA triggers §1983 protections.

Under the **Doctrine of Repeated Violations**, repeated violations of the **ADA** and **§504** over a matter of years triggers protections after the statute of limitations has expired, and the statute of limitations gets reset each day the school is non-compliant; **Hamer vs City of Trinidad 924 F.3d 1093 (2019)** , hereinafter **Hamer**.

No one has brought this controversy to the Court because the parents and students are clueless, they've been coerced, and can't defend themselves, which triggers **§1983** protections.

## C. McCollough pled a disparate impact claim that he was punished for profanities caused by his disability and tuition overcharges from paying full price to retake classes he was unable to pass due to his disability.

McCollough made a cognizable Disparate Impact claim under the **ADA** and **§504** when he asserted that PSU disparately affected him by

punishing him for his sincerely held moral and Religious objection and political speech that contained profanities caused by his disability, and that PSU failed to call a Quasi-judicial Student Conduct Hearing after learning McCollough's profanities was caused by his disability, to allow McCollough his Due Process Right to submit disability proof of no Mens Rea.

McCollough asserted he asked PSU for money to go to school Winter term 2022 and how to get a Federal Work Study position but they said they did not have any money and couldn't help him. McCollough asserted that PSU had emailed him that they had some grant money for him to attend PSU, but McCollough was suspended at that point and couldn't take advantage of the funds, denying McCollough equal participation in the program under **§504** and **Oregon Constitution Article I Section 20**.

***D. The lower Court erroneously dismissed the Disparate Impact claim for the "same reasons" as the disparate treatment claim, and for lack of Court ordered disclosure to prove intent.***

The lower Court erred in finding that McCollough had not made

a cognizable disparate impact claim by failing to address whether McCollough's claims of Deliberate Indifference were Disparate Impact claims using another word and the lower Court erred by dismissing over lack of purposeful intent or failure to accommodate. The lower Court erred by not ordering discovery to determine if PSU knew they were deliberately discriminating.

The lower Court erred by not finding the PSU had summited proof of undue hardship required them to charge full price to retake classes. Likewise, the lower Court erred by not finding the PSU had summited proof of undue hardship that they couldn't process McCollough's Religious Accommodations with sincerely held moral objection and political speech that contained profanities caused by his disability.

The lower Court erred by finding that Defendants did not deny in their Motion to Dismiss that charging disabled students' full price to retake classes does not have disparate impact.

The lower Court erred in finding that amending the complaint with explicit "disparate impact and possibly deliberate indifference" claims would not cure this lack of cognizable claims.

**V. This Court should restore McCollough's §1983 Action at Law claims.**

*A. §1983 holds Arms of the State liable in Actions at Law.*

Sovereign Immunity protects the State from Suits in Equity forcing the State treasury to pay tort damages under Federal or other State Law. **Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 99-100 (1984)**, hereinafter **Pennhurst State**; **Brainard v. W. Or. Univ., Case No. 3:17-cv-0253-SI, 2017 WL 1534191, at \*2 (D. Or. Apr. 26, 2017)** -. However, this does not apply to **§1983** Actions at Law and Suits in Equity like **ORTCA**.

Plaintiff must show proof of what this Court calls "Clearly Established Right", but under the **Ninth Amendment** and **Troxel** means Certain Rights. Just because the US Constitution doesn't explicitly say that you have a Right to use profanities in emails to State officials doesn't mean it's not free speech. The **First Amendment** is the most Clearly Established Right in the Constitution.

**B. §1983 Actions at Law triggers protections under the Fourteenth Amendment and 28 U.S.C. §1343(a)(3).**

In **§1983** Actions at Law, Arms of the State are not entitled to Qualified Immunity. In **Blunt v. Lower Merion Schs., No. 11-4200 (3d Cir. 2014) id 53**, the Court found that citizens cannot file a **§1983** Suit in Equity against Arms of the State Courts unless you can prove that the State official's acts were "discriminatory action was purposeful", but citizens can still file for injunctive relief under **28 U.S.C. §1343(a)(3)**; **however**, under Sovereign Immunity the Federal Courts cannot force the State to adhere to State law, certainly Federally Superior Courts have Free Speech to Judge if the State had violated their own laws, but this does not apply to arms of the State who violate Equal Rights Laws.

PSU purposefully denied McCollough's **The Mark of the Beast** waiver and charged students full price to retake classes, or were deliberately indifferent, to punish students and discriminate against qualified disabled students, triggering **§1983** protections.

**C. McCollough plead a claim under §1983 Action at Law by**

*requesting declaratory relief outlining State-use of unsubstantial evidence to take people's Rights.*

McCollough made his **§1983** Action at Law claim to declaratory relief in his Amended Complaint:

> *"Plaintiffs are asking for the Court to issue a Declaratory Decree spelling out the citizen's Right to CaCES in proceedings where the State is taking their Fundamental Federally Protected Rights."*

McCollough asserted that he was effectively expelled and punished and fined for his protected political speech and religious and moral objection that contained profanities caused his disability, and he was entitled to a Quasi-judicial proceeding under **Khan vs Yale** and **Liu vs PSU**.

*D. The lower Court erroneously dismissed the §1983 Action at Law claims because McCollough did not file for a Suit in Equity under §1983.*

The Court erred in dismissing because under the **Doctrine of State Action**, McCollough's Rights was taken by the State and Jeffords must be served under **FRCP Rule 4(j)(2)(A)**.

The lower Court erred in finding that "Under the Eleventh

Page 70 of 86

Amendment, states are immune from suits brought in federal court by its own citizens" under **Pennhurst State**, but **Pennhurst State** doesn't say that, it says:

> *"'Held: The Eleventh Amendment prohibited the District Court from ordering state officials to conform their conduct to state law*
>
> *(a) The principle of sovereign immunity is a constitutional limitation on the federal judicial power established in Art. III of the Constitution. The Eleventh Amendment bars a suit against state officials when the State is the real, substantial party in interest, regardless of whether the suit seeks damages or injunctive relief. The Court in Ex parte Young, supra, recognized an important exception to this general rule: a suit challenging the federal constitutionality of a state official's action is not one against the State. Pp. 465 U. S. 97-103.*
>
> *…..*
>
> *For example, if a lawsuit against state officials under 42 U.S.C. § 1983 alleges a constitutional claim, the federal court is barred from awarding damages against the state treasury even though the claim arises under the Constitution."'*

This is what McCollough has been saying the whole time, which is why he filed the **ORTCA** claims. The lower Court erred in determining McCollough's **ORTCA** claims were not supplemental jurisdiction under **28 U.S.C. §1367** because Defendant's denial of Plaintiff's Due Process Rights was a non-discretionary act of omission

that triggers protections under **§1983**. The lower Court erred in failing to address if Defendants-Appellees are Federal actors because PSU is not the State, but is an Arm of the State that gets more than half of its money from the Federal Government, so it's questionable of this Court would be levying fines against the State treasury.

**VI. This Court should restore McCollough's ORTCA Suit in Equity claims.**

*A. The ORTCA protects citizens Due Process Rights by overturning Sovereign Immunity and allows Oregon to be held liable in Suits of Equity over personal injury damages for tortious Due Process acts or omissions by State officials.*

**Oregon Constitution Article I Section 20** prohibits Defendants-Appellees from granting unequal privileges and immunities, immunities meaning negative rights, and in this case McCollough's Privilege to attend PSU. For PSU to ban profanities they must provide a list of banned words that are banned State-wide for all classes of people who enter PSU campus, which would violate **Oregon Constitution Article I Section 8**.

No records exist of Defendants-Appellees's substantial proof of undue hardship or Compelling Government Interest in banning profanities.

The **Fourteenth Amendment** not only protects Federal Rights, but also Citizens' Right to Due Process in State legal proceedings over State Equal Rights Laws. This court has supplemental jurisdiction over **ORTCA** Suits in Equity.

### B. Violations of §1983 trigger ORTCA protections.

Violations of **§1983** are tortious acts or omissions. Tortious acts or omissions causing personal injury triggers an **ORTCA Due Process** hearing.

### C. McCollough pled a claim for ORTCA personal injury, relief for severe psychological injury, and compensation for psychological care, lost wages, reputational injury, and gap in education causing reduced lifetime earnings required for retirement.

McCollough's writes in Counts 3 and 4 of the Amended Petition:

Page 73 of 86

"right to the Privileges and Immunities of engaging with trade and commerce with PSU". McCollough failed to cite **Oregon Constitution Article I Section 20**. McCollough adequately pled that immunities from punishment for his speech were not applied equally to him because PSU did not punish and expel all students for using profanities. McCollough adequately pled that PSU did not apply the religious **The Mark of the Beast** mandate waiver equally to him as a Christian by denying his Religious Accommodation Request. McCollough adequately pled that PSU treated him unequally in his privilege to attend PSU because he was expelled and no one else was.

Thus, McCollough pled a valid **Oregon Constitution Article I Section 20** claim.

McCollough clearly pled a claim for **ORTCA** relief asserts in Amended Petition id 25 line

> *'"Based on PSU's intentional unlawful acts that PSU is liable for, Plaintiffs are entitled to and are demanding $2,347,700 in compensation for personal injury from Defendants unlawful tort-actionable actions that has resulted in lost wages, damage to Cale's professional reputation, and to pay for the Psychological health care provider of Cale's choice for both Cale and David, and for Cale and David both to finish up to the PhD degree of their choice to make them whole again, and other related expenses.*

McCollough asserts in Objection to Finding and Recommendations:

> *PSU did act with deliberate indifference with knowledge that charging students' multiple times to retake classes until they run out of money causes qualified disabled students to be unable to graduate and get full participation in the program.*
>
> *After PSU learned Cale was disabled with CPTSD, PSU should have ordered a new Conduct Violation Hearing. PSU doesn't have any rules against this. PSU is just waiting for the Court to force them to do it. "'*

Judge Armistead erred because McCollough requested Discovery for facts if PSU was deliberately indifference, but either way McCollough would have standing to sue so it's not a valid reason to dismiss. PSU should tell the lower Court that they searched their records and did not find any records they knew they are decimating against disabled students, but instead they plead qualified immunity.

***D. The lower Court erred in dismissing McCollough's ORTCA claims because it's this Court's Supplemental Jurisdiction.***

Judge Armistead erred by not mention privileges and immunities in his FINDINGS AND RECOMMENDATIONS; he used to work for the Oregon Court of Appeals and is intimately familiar with **Oregon Constitution Article I Section 20**. Neither Judge Armistead or

Simon mentions the Oregon Constitution even one time, McCollough didn't even realize he had those Rights. Judge Simon and Armistead have a duty to disclose McCollough's Rights under the Oregon Constitution under **Brady v. Maryland, 373 U.S. 83 (1963)**.

The lower Court erred in dismissing without addressing McCollough's **ORTCA** claims under **28 U.S.C. §1367** without holding a Judicial hearing to determine if emailing profanities to university staff was not free speech, which is clearly is, and overcharging disabled student to retake classes at full price was not a valid **ADA** and §**504** claim.. Without first determining if there was a **First Amendment** or **Fourteenth Amendment** violation eligible for **Due Process Forum for Redress of Grievances**, the lower Court cannot dismiss the **ORTCA** claims.

The lower court erred by not determining if this Court has Supplemental Jurisdiction under **28 U.S.C. §1291**.

**VII. This Court should order Judge Armistead and Judge Simon to recuse themselves because they are biased and**

interested and have conflicts of interest.

*A. 28 U.S.C. §455 mandates that any judge or magistrate judge shall disqualify themselves in any proceeding in which their impartiality might reasonably be questioned because of a conflict of interest around spouse or has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy.*

**28 U.S.C. §455(b)(4)** and their Code of Judicial Conduct counterparts mandates any Judge who's spouse is a subject matter in controversy or has an interest that could be substantially affected by the outcome of the proceeding shall recuse himself; or (b) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy.

*B. Substantial proof of Judicial conflicts of interest trigger*

*mandatory Due Process Protections.*

Violations of **28 U.S.C. §455(b)(3)** and **(4)** are violations of Law which trigger a non-discretionary Due Process hearing under **§1983**.

*C. Judge Armistead has an undisclosed conflict of interest under 28 U.S.C. §455(b)(3) from working at the Oregon Court of Appeals contemporaneous with Liu vs PSU.*

Judge Armistead served as a staff attorney and senior staff counsel for the Oregon Court of Appeals for more than eight years before his appointment in 2022. Armistead "served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy, most notably in **Liu vs PSU (2016)**. Armistead is biased and interested and must be ordered to recuse himself immediately.

*D. Judge Simon has an undisclosed conflict of interest under 28 U.S.C. §455(b)(4) from his wife Suzanne Bonamici being the*

***Democrat Oregon US House Representative.***

The nature of this case is profane insults against Democrats. Judge Simon was required under **28 U.S.C. §455(b)(4)** and the **Code of Conduct for United States Judges** to disclose that he has a conflict of interest from being married to Oregon's Democrat US House Representative Suzanne Bonamici, one of the subject matters of this controversy, that makes him biased and interested before rendering Judgement. McCollough had to discover this fact on Wikipedia. Judge Simon has a direct financial interest in the outcome of this case because it threatens his wife's US House Representative seat which personally affects him.

Judge Simon has another undisclosed conflict because he issued a Temporary restraining order against President Trump that has the appearance of being a rubber stamp for his wife. If Plaintiff prevailed in this case, the case of E Jean Carroll vs Donald J Trump, where President Trump was found by a **PoES** to have sexually assaulted E Jean Carroll would be reversed.

Corrupt Democrat Judges have engaged in lawfare against President Trump in the case of **US vs Donald J Trump and Waltine**

Page 79 of 86

**Nauta**, which cost the US taxpayers over $14 MILLION and was eventually disgracefully dropped. Bonamici has a career and financial interest in Trump losing and being locked up and discredited as a rapist and sex abuser; her colleagues in the US House colluded to have a sham January 6th Committee that was unlawful constituted because it did not have the legal number of Republicans and the two on their hated Trump: Liz Chaney and Adam Kinzinger.

Judge Simon must recuse himself immediately to protect our Democracy and the honor of this Court.

**IX. In the alternative, this Court should reverse and remand to allow McCollough to amend.**

**FRCP Rule 15(a)** "provides that a trial court shall grant leave to amend when justice so requires, [and t]he SCOTUS has stated that this mandate is to be heeded." **Lopez, 203 F.3d at 1130** (internal quotation marks omitted.) What's more, where the complaint can "be saved by any amendment," leave to amend should be granted. **Polich, 942 F.2d at 1472**; see also **Eminence Cap., 316 F.3d at 1051** (emphasizing leave should be given with "extreme liberality"). In light

of this liberal standard, were this Court to disagree with McCollough and decide that his allegations are insufficient to state is **ADA**, **§504**, **§1983**, and **ORTCA**, or Constitutional claims against Defendants, he asks she be afforded leave to amend. As noted above, this amendment could include, for example:

1. more detail about the particulars of his religious beliefs and the impact of **The Mark of the Beast** mandate on them;

2. facts about Defendants' failure to negotiate or accommodate, including options that could have been pursued;

3. facts about the affected class of qualified disabled students under the **ADA** being unlawfully denied full participation in the program because of tuition unlawful overcharges to retake classes, and other religious minorities who share similar religious beliefs against **The Mark of the Beast**;

4. further examples or explication of exemptions or accommodations that the state and its agencies make to **The Mark of the Beast**;

5. make more explicit disparate impact claim under **ADA**;

6. facts about Preponderance of Evidence used against McCollough in the contested Student Conduct case; or

7. additional remedies or parties.

Again, McCullough believes none of these amendments should be necessary given his claims stated and this appeal. But if this Court disagrees, he stands ready to amend.

## CONCLUSION

This Court should reverse the lower Court's dismissal of McCollough's complaint and remand for Defendants to answer, because he has adequately alleged that their permanent expelling from PSU over sincere moral and Religious objections that contain profanity caused by CPTSD and lack of Procedural and Substantial Due Process gives rise to claims under **Title VII**, **§504,** the **First Amendment**, **Fifth Amendment**, **Ninth Amendment**, **Fourteenth Amendment**, and their state-law analogues **Oregon Constitution Article I Sections 3 and 8 and 20**, **ORS 183**, **ORS 352**.

In the alternative, and to the extent further allegations are needed to cure any defect, this Court should reverse and remand for the lower Court to allow McCollough to file a Second Amended Complaint.

Page 82 of 86

DATED December 30, 2024. Respectfully submitted as a public servant:

x  *s/ Chal McCollough*

Plaintiff-Appellant Cale McCollough

   Freedom Government Founder

     Special thanks to the Oregon State Bar for not referring me to an attorney and the zero attorneys who consulted McCollough. McCollough gives the glory to God.

**RELATED CASES**

Pursuant to Federal Rule of Appellate Procedure 28-2.6, McCollough does not know of any other related cases.

## CERTIFICATE OF COMPLIANCE

I certify pursuant to **Federal Rules of Appellate Procedure 32(a)(4)** and **Circuit Rule 32-1** that the attached brief is set in Century Schoolbook font, double-spaced, has a typeface of 14 points, and, according to the word count feature of the word processing system used to prepare the brief (Microsoft Word for Windows Office 365 latest version), contains 12,879 words. Dated: December 30, 2024.

## CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2024, I electronically filed the foregoing Appellant's Opening Brief with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate ACMS system. Participants in the case are registered ACMS users, and service will be accomplished by the appellate ACMS system.

DATED December 30, 2024.

x _*s/ Chal McCollough*_____

Plaintiff-Appellant Cale McCollough

Freedom Government Founder